■ In the Matter of ANNA MALIK, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination annulled, without costs. Memorandum: The question before this court is whether the determination of the State Liquor Authority suspending petitioner's license for 10 days and forfeiting her bond for permitting gambling on the licensed premises was supported by substantial competent evidence. On the hearing a police officer testified that he observed two men at the licensee's bar who were studying a racing sheet write something on a piece of paper and hand it with $1 to the licensee behind the bar. She was looking at it when someone entered the premises and gave a warn-

ing the "cops" were down the street. At that point the officer arrested the licensee and seized the paper and other slips found on the premises, all of which he identified as betting slips. The officer's description of the items of evidence seized and their introduction in evidence was objected to, such evidence having been suppressed on the trial of a gambling charge in City Court on the ground that there had been no probable cause for licensee's arrest without a warrant and that the search incidental thereto was therefore illegal. The evidence seized during the illegal search by the police officer and the testimony relating to the search were incompetent and could not be used to support the State Liquor Authority's determination. (See *Matter of La Penta* v. *State Liq. Auth.,* 30 A D 2d 1033 decided concurrently herewith.) The testimony of the police officer as to his observations before the search was clearly insufficient standing alone to support the determination. The determination of the State Liquor Authority suspending petitioner's license for 10 days and forfeiting petitioner's bond should be annulled. All concur except Williams and Witmer, JJ., who dissent and vote to confirm the determination in the following Memorandm: We do not believe that this case is controlled by the principle involved in *Matter of La Penta* v. *State Liq. Auth.* (30 A D 2d 1033) because in our view the police officer had probable cause herein to seize the racing sheet form and money which he saw the customer hand to the licensee behind the bar. Assuming that strict criminal law procedures are applicable for the protection of licensees in situations such as this, it seems to us that there must be a limit to the handicaps placed upon enforcement officers. A popular criticism of the police is that they are the only ones who do not know of the existence and operation of "horse rooms". The police do not live in a vacuum, and they must be given credit for some knowledge as to the manner in which "horse room" bets are placed. In this instance the evidence is that the police went to the licensee's premises for the express purpose of observing activity of this kind which they suspected was being carried on there. When police, with the experience which they have gained from performance of their duties, observe two men at a bar studying a horse-racing form sheet which the police recognize as such, and observe them engaging in discussion of the form and then see one of them write on a slip of paper and hand it with cash to the licensee behind the bar, in our judgment the police have probable cause to believe that "horse room" betting activities are in progress. Such illegal activity taking place in their presence in this case justified the police in placing the licensee under arrest without a warrant, seizing the betting slip and money and, in connection therewith, conducting the further search which they did incidental to the arrest. The arrest was lawful and the items seized were admissible upon the hearing before the Commissioner's hearing officer. The evidence upon the hearing was sufficient to support the determination, and the determination should be confirmed. (Review of determination suspending liquor license, transferred by order of Erie Special Term.) Present — Bastow, P. J., Williams, Del Vecchio, Marsh and Witmer, JJ.